FILED

UNITED STATES DISTRICT COURT    13 JUN 20  PM 3: 43
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.  8:13-CR- 3 35 | 30 EAJ

DENETRIA BARNES                    18 U.S.C. § 371
                                                42 U.S.C. §§ 1320d-6(a) & (b)(3)
                                                18 U.S.C. § 2
                                                18 U.S.C. § 981(a)(1)(C) - forfeiture
                                                28 U.S.C. § 2461(c) - forfeiture

**INFORMATION**

The United States Attorney charges:

**COUNT ONE**
(Conspiracy)

A. **Introduction**

At times material to this Information:

1.      Hospitals, medical facilities, and assisted living facilities served

communities, including throughout the State of Florida, and were "covered entities"

for the purposes of the Health Insurance Portability and Accountability Act of 1996

(HIPAA), Pub. L. No. 104-191, 110 Stat. 1936.

2.      These covered entities maintained HIPAA-protected records that

included the names, addresses, dates of birth, and Social Security numbers of their

patients.  Within the medical industry, this information was often known as "personal

identification information."  As defined by HIPAA in 42 U.S.C. § 1320d(6), this

information was "individually identifiable health information."

3.      Such individually identifiable health information was defined by The

Identity Theft and Assumption Deterrence Act (ID Theft Act), 18 U.S.C. §

1028(d)(7), as an individual's "means of identification." These means of

identification were used by identity thieves to steal money.

4.      A major form of identity theft was known as Stolen Identity Refund

Fraud (SIRF). There were, broadly, four aspects to SIRF fraud:

> (1)      stealing means of identification necessary to file false and fraudulent tax returns, often by an insider who stole identities to which the insider had access as an employee;
>
> (2)      filing false and fraudulent federal income tax returns with the IRS that were calculated to trigger the payment of a refund from the United States Treasury Department;
>
> (3)      obtaining federal income tax refunds (e.g., mailings or electronic deposits); and
>
> (4)      converting and spending the fraudulently obtained refunds.

At times, one individual may have performed all aspects of the fraud but, more

often, several individuals, generally working in concert with each other, would have

each performed a different aspect of SIRF fraud.

5.      The victims of SIRF fraud included the individuals whose means of

identification were stolen, the covered entities from whose custody and care the

means of identification were stolen, and the United States of America.

2

## B. <u>Charge</u>

6.      Beginning on an unknown date but not later than April of 2012 and continuing until on or about May 22, 2013, in Hillsborough County, in the Middle District of Florida, and elsewhere,

DENETRIA BARNES,

the defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with other persons, both known and unknown, (1) to defraud the United States and the United States Treasury Department by impairing, obstructing, and defeating the lawful government function of administration and enforcement of federal tax laws by means of fraud, deceit, and dishonesty and (2) to commit the following offenses against the United States:

a. To make and present, and cause to be made and presented, to any department and agency of the United States any claim upon and against the United States, and any department and agency thereof, knowing such claim to be false, fictitious, and fraudulent, in violation of Title 18, United States Code, Sections 287 and 2;

b. To embezzle, steal, purloin, and knowingly convert to her use and the use of another any record, voucher, money, and thing of value of the United States and any department and agency thereof, in violation of Title 18, United States Code, Sections 641 and 2;

3

c.  To knowingly obtain individually identifiable health information relating to an individual and disclose individually identifiable health information to another person, with the intent to sell, transfer, and use such individually identifiable health information for commercial advantage, personal gain, and malicious harm, in violation of Title 42, United States Code, Sections 1320d-6(a) and (b)(3).

## C. **Manner and Means**

7.     The manner and means through which the conspirators sought to accomplish the conspiracy included, among others:

(a)    that conspirators would and did acquire, without lawful authorization, and steal the means of identification of patients and other individuals;

(b)    that, in some instances, conspirators would and did sell those means of identification to co-conspirators who intended to use said means of identification to prepare and file false and fraudulent federal income tax returns as part of their SIRF fraud;

(c)    that conspirators would and did electronically file materially false and fraudulent federal income tax returns with the IRS using the stolen means of identification;

(d)    that conspirators would and did cause and attempt to cause federal income tax refunds to be issued to them through their use of the stolen means of identification;

(e)    that conspirators would and did spend, attempt to spend, and seek to spend the money that had thus been stolen;

(f)    that conspirators would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and artifice and the purpose of those acts.

4

## D. Overt Acts

8.    In furtherance of and to affect the objectives of the conspiracy, the

following overt acts, among others, were committed in the Middle District of Florida,

and elsewhere:

(a)    At least as early as 2012, in the Northern District of Florida and in the Middle District of Florida, Denetria Barnes and other conspirators worked for covered entities where they had access to individually identifiable health information, specifically, the means of identification of patients;

(b)    On unknown dates but beginning at least as early as 2012, conspirators stole and kept stolen individually identifiable health information, specifically means of identification of patients, from covered entities;

(c)    On April 3, 2013, in a meeting with Denetria Barnes, a conspirator, an unidentified black female, and another individual, the conspirator offered to sell 15 pages of means of identification for $1,500;

(d)    On April 10, 2013, Denetria Barnes sold 30 stolen means of identification for $1,500;

(e)    On April 19, 2013, Denetria Barnes sold 104 stolen means of identification for $8,000;

(f)    On April 23, 2013, a conspirator sold 25 means of identification to an individual; and

(g)    On May 22, 2013, Denetria Barnes sold a multi-page spreadsheet containing approximately 400 stolen means of identification. The person acquiring them had told Barnes that they were for the express purpose of committing SIRF crimes. One of the columns on the spreadsheet was entitled "Patient Addr1 [sic]," that is, a column for each patient's address.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
(Wrongful Disclosure of HIPAA-Protected Information)

On or about May 22, 2013, in Hillsborough County, in the Middle District of Florida,

### DENETRIA BARNES,

the defendant herein, did knowingly obtain individually identifiable health information relating to other persons, with intent to sell, transfer, and use such individually identifiable health information for commercial advantage, personal gain, and malicious harm, specifically, Barnes transferred, with the intent to receive payment of approximately $15,000, a multi-page spreadsheet containing approximately 400 stolen means of identification of patients, including their names, dates of birth, Social Security numbers, and home addresses.

In violation of Title 42, United States Code, Sections 1320d-6(a) and (b)(3) and Title 18, United States Code, Section 2.

## FORFEITURES

1.     The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 18, United States Code, Section 2461(c).

2.     Upon conviction of the violations alleged in Counts One of this Information, punishable by imprisonment for more than one year, the defendant,

### DENETRIA BARNES,

6

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 18, United States Code, Section 2461(c), all of her interest in any property constituting or derived from the proceeds she obtained, directly or indirectly, as a result of such violations, including, but not limited to, a forfeiture money judgment, representing the amount of proceeds obtained as a result of the conspiracy.

      3.     If any of the property described in Paragraph Two above, as a result of any act or omission of the defendants:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

ROBERT E. O'NEILL
United States Attorney

By: _____
THOMAS N. PALERMO
Assistant United States Attorney

By: _____
ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section